OPINION
This appeal is taken by plaintiff-appellant State of Ohio from a judgment of the Common Pleas Court of Hancock County finding that the application of R.C. 2950.09 in this case violates Article II, Section 28 of the Ohio Constitution.
On October 8, 1996, Clinger was indicted on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The alleged offense occurred at some time between October 3 and October 8, 1995. Clinger pled guilty on February 26, 1997. On October 1, 1997, Clinger was sentenced to two years and costs. The trial court refused to hold a hearing to determine if Clinger was a sexual predator under R.C. 2950.09.
The State alleges the following assignments of error:
 The trial court erred when it found R.C. 2950.09 to be unconstitutional.
In support of this argument, the State claims that the additional burdens placed upon Clinger by R.C. 2950.09 are minuscule and the statute is not punishment. However, this argument ignores this court's prior ruling in State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported. In Cook, we held that R.C. 2950.09, when applied to offenses committed prior to the effective date of the statute, violates the Article II, Section 28
of the Ohio Constitution. Article II, Section 28 of the Ohio Constitution states:
 The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.
We have already held in Cook that this statute was intended to have a retroactive application. We have also held that the statute affects a substantive right.
 Under the constitutional prohibition, the general assembly has no power to pass retroactive laws. Art. II, sec. 28. Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective or retroactive.
Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 106,522 N.E.2d 489, 496. An increase in the frequency of registration, the duration that registration is required, and the additional stigma of public notification are new duties and attach new disabilities for offenses committed before the effective date of the statute. To this extent, the statute is retroactive and violates the Ohio Constitution. In this case, Clinger committed his offenses prior to the effective date of the statute. Therefore, as applied to Clinger, R.C. 2950.09 is a retroactive application of a legislative enactment. The State's assignment of error is overruled.
The judgment of the Common Pleas Court of Hancock County is affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.